MICHAEL DAIL COULBOURN, LOUISE COULBOURN HOWARD, HELEN C. BAILEY, SHIRLEY C. MELSON, DONALD H. COULBOURN and HELEN C. BAILEY, Executrix, and WALLER BAILEY, Executor of the Estate of MARY S. COULBOURN, deceased,

*vs.*

SEAFORD TRUST COMPANY, a corporation of the State of Delaware, Trustee of Estate of JOSEPH N. COULBOURN, an insane person, and OLLIE E. POOLE.

*Sussex, September 6, 1946.*

*Max Terry, Melvin Hopkins* and *James H. Hughes, III,* for complainants.

*Daniel J. Layton, Jr.,* for defendant Ollie E. Poole.

*Frank M. Jones* for defendant Seaford Trust Company.

SEITZ, Vice-Chancellor: This is a bill to reform a trustee's deed because the deed allegedly conveyed a greater property interest than was provided for by the court in its order authorizing the sale of certain property, and the execution of a deed therefor to the purchaser.

Joseph N. Coulbourn was adjudged insane in July, 1918, and a trustee was appointed for him by the court. At the present time the insane person is represented by Seaford Trust Company as successor trustee. Prior to and at the time that Joseph N. Coulbourn was adjudged insane he owned a certain plot of land located on the northwest corner of High and Market Streets in the municipality of Seaford, Delaware. High Street runs approximately east and west, while Market Street runs approximately north and south.

In 1936, the defendant Ollie E. Poole offered to purchase the westerly portion of the vacant lot. This portion had 25 feet facing on High Street and a depth of 70¾ feet.

A petition was presented to the late Chancellor Wolcott by the then trustee requesting authority to sell the property to the defendant Poole for the sum of $2,500, representing $100 per front foot. The appraisal attached to the petition recited that the price was good and that the sale would enhance the value of the remainder of property owned by the insane person.

The late Chancellor entered an order on July 15, 1936 authorizing the sale, the giving of a deed and the making of a survey to define the limits of the property sold. The survey was made in July of 1936, and it shows the plot in question, as well as a 10 foot wide alley with its entrance on Market Street, approximately 60¾ feet from the northwest corner property line intersections of High and Market Streets. This alley runs in a westerly direction (parallel with High Street) directly into the rear 10 feet of the property purchased by Poole. The fee of this alley is admittedly owned by the insane person, and the property both to the north and to the south of the alley is also owned by the insane person. The testimony shows that this alley has been used for upwards of 50 years.

After the survey was completed, a deed (which had attached a copy of the survey) conveying the property in

question to the defendant Poole was executed by the trustee. This deed contained, *inter alia,* the following language:

"* * * With the right to use a ten foot alley extending across the rear of said lot to Market Street to be used by the said grantee and his assigns as well as the abutting owners of said premises as per plot hereto attached."

The object of this litigation is to have the deed reformed. While the bill does not specifically request it, it is apparent that the complainants desire to have the above-quoted language deleted from the deed. The theory of the bill is that the late Chancellor did not in his order of July 15, 1936 authorize the trustee to sell the right of way through the alley, the fee of which was and is owned by Joseph N. Coulbourn.

The defendant Poole contends:

1. The late Chancellor approved the deed and other papers, and by so doing thereby approved the provision in question.

2. The trustee and the complainants have so delayed in bringing this action that they are now precluded from having any relief because of the substantial change of position on the part of the defendant Poole.

3. The public has acquired a right of way to use the alley by prescription, and this right inures to the defendant Poole's benefit without regard to the quoted provision of the deed.

At the hearing, some question as to "proper parties" was raised by the solicitor for the defendant Poole, but he has withdrawn his objection and all parties desire a decision on the merits.

It is the opinion of the court that the petition presented to the late Chancellor requesting authority to sell the property now owned by the defendant Poole, when considered in connection with the surrounding circumstances, contemplat-

ed that the authority given was to include the right to use the alley extending west from Market Street to the rear of what is now the defendant Poole's property. The size of the lot, plus the fact that Poole advised that he intended to build a commercial property thereon immediately, rendered it almost imperative that Poole have the right to use the alley in question. The use of the alley for commercial purposes for upwards of 50 years seems to me further to support the conclusion that all parties intended that the right to use the alley would accompany the purchase of the property. Moreover, complainants have not introduced evidence which would warrant this court in concluding that they have sustained the burden which is placed upon them.

I conclude that the provision in the deed giving the right to use the alley in question was within the fair intendment of the order signed by the late Chancellor July 15, 1936.

In any event, it is apparent that the defendant Poole has substantially changed his position in reliance upon the provision in the deed giving him the right to use the alley. Immediately after he purchased the lot he erected thereon a building which has been used for upwards of 10 years for commercial purposes. This building has an exit facing on the alley and the alley is used to serve the commercial purposes of the building. Moreover, while the right to use the alley is doubtless of value, I cannot conclude that in 1936 the right was so valuable as to render the amount paid by the defendant Poole grossly inadequate. If the equities are to be balanced, they most certainly result in a favorable balance for the defendant Poole.

I, therefore, agree with the defendant Poole's second contention that the complainants have so delayed in bringing this action that they are now precluded from having any relief because the defendant Poole has in reliance upon the deed substantially changed his position.

I shall not pass upon the defendant Poole's third alleged defense relating to the right to use the alley presum-

ably as a public alley because the law has not been briefed, and I have some doubts as to its application to the present facts. See 19 *C.J., Easements,* § 76, 28 *C.J.S., Easements,* § 18. This is particularly so because the defendant Poole has not used the alley adversely either to the insane person or to his trustees for the required prescriptive period.

The provision in the deed giving the grantee the right to use the alley in question is not subject to attack and the bill of complaint should be dismissed for the reasons given.

A decree accordingly will be advised.